## CLEMENT ANDERSON v. HENRY CALLAWAY.

In an action for a malicious prosecution, the fact that the name of the defendant is endorsed on the indictment as a witness, is not of itself sufficient evidence that he instigated the prosecution; but if he was the active agent, or was instrumental in bringing the charge before the attorney general and the grand jury, then he was the prosecutor in the case; and to determine this question, the jury may consider the fact that his was the only name endorsed as a witness on the indictment, and that he was the only witness examined for the prosecution on the trial of it. The proof necessary to sustain the action. The measure of damages.

ACTION on the case for a malicious prosecution, and general issue. The counsel for the plaintiff put in evidence the record of the indictment of Anderson, the plaintiff, which was for an assault and battery committed on the defendant with intent to commit murder; and of the trial and acquittal of the plaintiff thereon. The name of the defendant, Callaway, was the only name endorsed as a witness on the indictment. The parol proof on the present trial was that the defendant, Callaway, was the first witness examined by the prosecution on the trial of the indictment and testified that the plaintiff made an attack upon him with a knife and attempted to kill him. The witness was present on the occasion when the difficulty referred to occurred between the parties. They were talking to each other about some matter of securityship and were both whittling with their pocket knives at the time. Callaway told Anderson that if he did not mind, he would hitch him up, which Anderson misunderstood for a threat to hit him, and immediately shutting up his knife and putting it with his left hand in his pocket, started toward Callaway with his right arm extended toward him and with a profane expression defied him to do it; but he did not strike him, nor attempt to hit him. Callaway afterward told him he would make it cost him more than he was worth.

On this evidence which was corroborated by other witnesses, the counsel for the defendant submitted a motion to non-suit the plaintiff, because he had failed to adduce sufficient proof to entitle him to go to the jury. There was no evidence that the defendant was the prosecuting witness in the indictment of the plaintiff, or that he instigated the prosecution. The endorsement of the defendant's name on the bill of indictment, was only evidence that he was a witness, but not that he was the prosecutor. 2 *Saund. Pl. and Ev.* 662.

*But the Court* refused the motion and said that the matter must be submitted to the jury, as there appeared in the evidence to be more in the case than merely the endorsement of the name of the defendant on the indictment as a witness.

On the argument to the court and jury the same point was again made by the counsel for the defendant and *Rhodes v. Silvers*, 1 *Harr.* 127 and *Wells v. Parsons*, 3 *Harr.* 505, were cited in support of it. As to what would constitute probable cause, it was only necessary that the prosecutor should have believed that there was probable cause for the prosecution. Even though he might have been deceived, if he believed there was good reason for making the accusation, he was not liable for a malicious prosecution. 2 *Greenl. Ev. sec.* 455. 19 *Eng. C. L. R.* 49. 1 *Greenl. Ev. sec.* 352.

*The Court, Gilpin, Ch. J.*, charged the jury, that the first question to be considered by them, was whether the defendant instigated and prosecuted the indictment alluded to against the plaintiff. The fact that his name was endorsed on the indictment as a witness, was not of itself sufficient evidence to establish that point; but if they were satisfied from all the evidence before them, that he was the active agent, or was instrumental in bringing the charge in that case before the attorney general and the grand jury, then he was the prosecutor in the case;

and for that purpose, the jury might consider the fact that his was the only name endorsed on the indictment as a witness, and that he was the only witness examined for the prosecution on the trial of the indictment. It should also appear, which the record proved, that the plaintiff was acquitted on that trial, and that there was in point of fact, no reasonable ground or probable cause for preferring such a charge against him, and if the defendant was the originator and the instigator of it, that he was actuated by a malicious motive in preferring and prosecuting it against the plaintiff. And as to probable cause, it was incumbent upon the plaintiff in such an action as this, to make some proof that there was no reasonable ground for the charge and that it was without any probable cause to sustain it or to induce a candid belief in it. If their verdict should be for the plaintiff, the measure of the damages should be the expenses incurred by him in the prosecution of the indictment against him. The jury might also take into consideration for this purpose, his arrest and imprisonment, the character of the accusation preferred, his arraignment and trial for such a felonious offence and all the circumstances of aggravation attending it.

Plaintiff had a verdict for $300.

*C. S. Layton*, for the plaintiff.

*Fisher* and *Smithers*, for the defendant.